IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD GLEN STURGEON, § | | |
| TDCJ #880922, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-07-0134 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

State inmate Richard Glen Sturgeon (TDCJ #880922) has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state court felony conviction. Sturgeon has also filed a memorandum in support of his petition. The respondent has answered with a motion for summary judgment, arguing that Sturgeon is not entitled to relief. (Doc. # 15). Sturgeon has filed a reply and a motion for an evidentiary hearing. (Docs. # 28, # 29). After considering all of the pleadings, the state court records, and the applicable law, the Court denies the respondent's motion for summary judgment for reasons that follow.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Sturgeon is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") pursuant to a criminal judgment of conviction in state court cause number 812784. A Harris County grand jury returned an

indictment against Sturgeon in that case, charging him with aggravated assault with a deadly weapon, namely, a firearm. The State enhanced that indictment for purposes of punishment with allegations that Sturgeon had at least two prior felony convictions for burglary of a motor vehicle and for unlawful possession of a firearm by a felon.

The complaining witness identified Sturgeon as one of the men who robbed him at gunpoint during the early morning hours of December 25, 1998. Sturgeon challenged his pre-trial identification, arguing that the police used unduly suggestive procedures. The trial court overruled Sturgeon's objection. On June 23, 1999, a jury in the 182nd District Court of Harris County, Texas, found Sturgeon guilty as charged. The same jury sentenced Sturgeon to serve fifty years in prison.

On direct appeal, Sturgeon complained that he was denied the ability to present a potential alibi witness, who had been subpoenaed but who failed to appear in court for trial. The Court of Appeals rejected this claim, finding that Sturgeon's counsel failed to preserve error. *See Sturgeon v. State*, No. 14-99-00947-CR (Tex. App. — Houston [14th Dist.] July 26, 2001). The Texas Court of Criminal Appeals reversed, however, finding that error was preserved. *See Sturgeon v. State*, 106 S.W.3d 81 (Tex. Crim. App. 2003). The Texas Court of Criminal Appeals further found that the trial court erred by failing to issue a writ of attachment for the alibi witness requested by the defense. *See id*. Accordingly, Sturgeon's case was remanded for a new trial.

At Sturgeon's re-trial, the complaining witness once again identified him as one of the men who robbed him at gunpoint on December 25, 1998. Sturgeon presented testimony from an alibi witness, Di Anita Manning, who testified that she was on the phone with Sturgeon at the time the aggravated robbery occurred. Sturgeon also attempted to put on testimony from a co-defendant, Elvin Bonner, but Bonner ultimately elected to invoke his rights under the Fifth Amendment and did not testify on the advice of counsel. On March 25, 2004, the jury found Sturgeon guilty of aggravated robbery with a deadly weapon as charged in the indictment. The next day, the jury sentenced Sturgeon to serve twenty-five years in prison.

During his second direct appeal, Sturgeon argued that the trial court erred by excluding an expert witness who would have offered testimony about the questionable reliability of eyewitness identifications. The Court of Appeals rejected this claim and affirmed the conviction. *See Sturgeon v. State*, No. 14-04-00311-CR (Tex. App. — Houston Aug. 23, 2005). The Texas Court of Criminal Appeals dismissed Sturgeon's petition for discretionary review as untimely filed.

Sturgeon challenged his conviction further by filing a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on July 14, 2006. In that application, Sturgeon insisted that he was actually innocent. In support of that claim, Sturgeon presented an affidavit from Elvin Bonner, who stated that Sturgeon was not present at the robbery, that Sturgeon is actually innocent, and that Bonner was unable to testify on Sturgeon's behalf at trial because he was threatened by the prosecutor. Sturgeon

claimed further that he was denied due process at his trial because: (1) the trial court admitted evidence of a pre-trial identification that was based on impermissibly suggestive procedures; (2) the prosecutor failed to disclose promises of leniency made to co-defendants in exchange for their testimony; and (3) the prosecutor threatened and intimidated co-defendants to discourage them from testifying on Sturgeon's behalf. Sturgeon alleges further that he was denied effective assistance of counsel at trial because: (1) his attorney failed to conduct an adequate investigation regarding promises of leniency made by the prosecution to co-defendants in exchange for their testimony; (2) his attorney failed to request DNA testing on evidence containing biological material which would have exonerated the petitioner; and (3) his attorney failed to properly present testimony from an expert witness on the issue of eye-witness identification. *See Application and Memorandum*, No. 812784-A.

The trial court did not address the merits of Sturgeon's application. In its answer, the State of Texas argued that the application failed to comply with the form prescribed by Rule 73.1 of the Texas Rules of Appellate Procedure and that it should be dismissed for procedural reasons. The trial court adopted the State's proposed findings and, on August 4, 2006, concluded that the application should be dismissed for Sturgeon's failure to comply with the applicable rules of procedure. The Texas Court of Criminal Appeals agreed and summarily dismissed Sturgeon's application on August 23, 2006, for his failure to comply with state procedural rules. *See Ex parte Sturgeon*, No. 65,483-01.[1]

---

[1] When a state habeas corpus application is filed in state court, Harris County apparently files
(continued...)

After he received the trial court's recommendation of dismissal, but before the Texas Court of Criminal Appeals issued its decision, Sturgeon filed an "amended" habeas corpus application on August 21, 2006. He clearly did so in an effort to cure the deficiency outlined by the trial court. The amended application was not assigned a cause number and was never forwarded to the trial court for its review. Instead, the Harris County Clerk's Office filed the amended application as a supplement to the original application (No. 812784-A) and forwarded it directly to the Texas Court of Criminal Appeals on August 23, 2006, which is the same day that Sturgeon's original application (No. 812784-A) was dismissed. *See Ex parte Sturgeon*, No. 65,483-01 Supplemental Clerk's Record.

On November 28, 2006, Sturgeon filed a separate action seeking a writ of mandamus to compel the Harris County Clerk's Office to process his amended application in accordance with Article 11.07 of the Texas Code of Criminal Procedure. As noted above, the Harris County District Clerk's Office forwarded the amended application to the Texas Court of Criminal Appeals under the same cause number as the original application (No. 812784-A), which had been dismissed on August 23, 2006. *See Ex parte Sturgeon*, No. 65,483-01. The Texas Court of Criminal Appeals summarily denied the amended application without a written order on December 20, 2006. *See Ex parte Sturgeon*, No. 65,483-03 (December 20,

---

[1](...continued)
  it with the trial court under the criminal cause number by affixing an alphabetic designation. In this case, Sturgeon's application was designated as No. 812784-A. When the trial court's recommendation was forwarded to the Texas Court of Criminal Appeals for a decision, the Court of Criminal Appeals assigned its own cause number to the writ, designating it as No. 65,483-01.

2006). On that same day, the Texas Court of Criminal Appeals denied Sturgeon's motion for leave to file a writ of mandamus. *See Ex parte Sturgeon*, No. 65,483-02 (December 20, 2006).

Sturgeon now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254. Liberally construed, Sturgeon presents the same claims that he attempted to present in state court.[2] In that respect, Sturgeon maintains that he is actually innocent of the offense and he includes with his petition evidence that he was unable to present at trial. Sturgeon also raises several other grounds for relief, as outlined in more detail above, which assert that he was denied due process at his trial and that he was also denied effective assistance of counsel. (Docs. # 1 & # 2, *Petition* and *Memorandum in Support*).

The respondent has filed a motion for summary judgment, arguing that Sturgeon is not entitled to relief on any of his claims under the governing federal habeas corpus standard of review found at 28 U.S.C. § 2254(d). Sturgeon has filed a response, noting that the trial court never actually reviewed his petition because it was mishandled by the Harris County Clerk's Office in spite of his best efforts.[3] Sturgeon argues that he is entitled to *de*

---

[2] The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See id.*

[3] Sturgeon has also filed two motions to suspend Rules 27(d)(2) and 27(d)(3) the Federal Rules of Appellate Procedure, which govern the page length of submissions and the number of copies that an appellant is required to file. (Docs. # 26, # 27). At this point, Sturgeon's
(continued...)

*novo* review and he requests an evidentiary hearing on all of his claims. The parties' contentions are discussed below.

## II. DISCUSSION

The respondent argues that the decision by the Texas Court of Criminal Appeals on December 20, 2006, denying Sturgeon's amended habeas corpus application without a written order, is sufficient to constitute an adjudication on the merits. The respondent proceeds to argue, therefore, that Sturgeon is not entitled to relief under the stringent federal habeas corpus standard of review found in the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

The federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). For claims adjudicated on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

1. was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[3](...continued)
federal habeas corpus proceeding is governed by the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases in the United States District Courts. Because the Federal Rules of Appellate Procedure do not apply at this time, Sturgeon's motions to suspend Rules 27(d)(2) and 27(d)(3) will be denied.

> 2. was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, the AEDPA standard, which is predicated on respect for principles of federalism, comity, and finality of judgments, "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001).

By its own terms, the AEDPA standard of review found in 28 U.S.C. § 2254(d) is not applicable if a petitioner's claims have not been adjudicated on the merits in state court. Because of the procedural irregularities outlined above, this Court disagrees with the respondent's contention that Sturgeon's claims were adjudicated on the merits and the respondent's assertion that the deferential AEDPA standard applies to the petition at this point.

It is true that the Texas Court of Criminal Appeals "denied" Sturgeon's amended state habeas application on December 20, 2006, without a written order. *See Ex parte Sturgeon*, No. 65,483-03. Ordinarily, a denial of relief by the Court of Criminal Appeals is sufficient to serve as adjudication on the merits of the claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim). Here, however, it is plain from the record that Sturgeon's amended application was never properly filed by the Harris

County Clerk's Office and presented to the trial court for review in accordance with Article 11.07 of the Texas Code of Criminal Procedure.

Article 11.07 articulates the following detailed procedures for a state habeas corpus application from an individual seeking relief from a felony judgment imposing a penalty other than death:

> (b) An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law. The clerk of that court shall make appropriate notation thereof, assign to the case a file number (ancillary to that of the conviction being challenged), and forward a copy of the application by certified mail, return receipt requested, or by personal service to the attorney representing the state in that court, who shall answer the application not later than the 15th day after the date the copy of the application is received. Matters alleged in the application not admitted by the state are deemed denied.
>
> (c) Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus. If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

>   (d)   If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection. The state shall pay the cost of additional forensic testing ordered under this subsection, except that the applicant shall pay the cost of the testing if the applicant retains counsel for purposes of filing an application under this article. The convicting court may appoint an attorney or a magistrate to hold a hearing and make findings of fact. An attorney so appointed shall be compensated as provided in Article 26.05 of this code. It shall be the duty of the reporter who is designated to transcribe a hearing held pursuant to this article to prepare a transcript within 15 days of its conclusion. After the convicting court makes findings of fact or approves the findings of the person designated to make them, the clerk of the convicting court shall immediately transmit to the Court of Criminal Appeals, under one cover, the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact.

TEX. CODE CRIM. PROC. art. 11.07 §§ 3(b)-3(d). These procedures were not followed in connection with the amended application filed by Sturgeon.

In this case, it does not appear that the amended application was ever forwarded to the clerk of the court in which the conviction being challenged was obtained, namely, the 182nd District Court of Harris County, Texas. Furthermore, there is no answer from the Harris County District Attorney's Office in response to the merits outlined in Sturgeon's amended application. Although Sturgeon claims that he is actually innocent and that the prosecutor threatened or intimidated potential witnesses, there is no indication that the trial court

determined whether there were any controverted, previously unresolved facts that are material to the legality of Sturgeon's confinement. Likewise, although Sturgeon's application takes issue with the performance of his defense counsel, there is no affidavit from Sturgeon's trial lawyer in the record as is usually the case when such claims are made.

More importantly, there are no findings of fact and conclusions of law by the 182nd District Court of Harris County, which presided over both of Sturgeon's trials. Thus, the record makes clear that these claims were never presented to the trial court for its review on the merits. To the extent that the Texas Court of Criminal Appeals issued an order denying Sturgeon's amended habeas corpus application without a written order, it appears to have done so under the mistaken impression that it was a leftover pleading from the original application, which was filed as No. 812784-A (Writ No. 65,483-01). Because the trial court failed to address the substance of Sturgeon's claims, there was no adjudication on the merits in state court and the federal habeas corpus standard of review, as amended by the AEDPA, does not apply. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002) (explaining that, in the federal habeas corpus context, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural"), *cert. denied*, 537 U.S. 1104 (2003).

Under these circumstances, it further appears that Sturgeon has not yet exhausted available state court remedies. *See* 28 U.S.C. § 2254(b). In that regard, because Sturgeon's initial application was dismissed for procedural reasons, and not denied on the merits,

11

additional state habeas corpus proceedings do not appear to be foreclosed by the Texas statute that prohibits abuse of the writ. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a). Thus, state habeas corpus review of Sturgeon's amended application remains available. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (noting that, according to "[Texas] writ jurisprudence, a 'denial' signifies that [the court] addressed and rejected the merits of a particular claim while a 'dismissal' means that [the court] declined to consider the claim for reasons unrelated to the claim's merits").

This Court has the discretion to stay and abate a federal habeas action pending exhaustion of state court remedies. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). In particular, the United States Supreme Court has decided that the federal habeas corpus statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), do not deprive district courts of the authority to issue a stay. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Supreme Court commented that a stay for failure to exhaust state remedies is proper only in "limited circumstances" when the following criteria are satisfied: (1) there was good cause for the failure to exhaust; (2) the proposed claims are not plainly meritless; and (3) there is no indication that the failure to exhaust was for purposes of delay. *See id*. at 277. All of these criteria plainly are satisfied in Sturgeon's case. Thus, the Court concludes that a stay is appropriate in this case so that Sturgeon can

have the opportunity to present his claims in state court for meaningful review under Article 11.07 of the Texas Code of Criminal Procedure.[4]

In summary, important questions of law and fact exist in this case, which would benefit from further development at the state court level. Comity dictates that state courts have the first opportunity to review claims such as those raised by the petitioner in this instance, which include allegations of actual innocence and prosecutorial misconduct, as well as ineffective assistance of counsel. The state habeas corpus court, which also presided over both of Sturgeon's trials, is in a better position to make findings of fact, as well as any credibility determinations, in connection with Sturgeon's claims. Because there are too many unresolved issues of law and fact present at this time, the respondent's motion for summary judgment must be denied.

## III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 15) is **DENIED.**

2. The respondent is **ORDERED** to show cause within ten days of the date of this order why this case should not be stayed and abated so that the petitioner can file a new state habeas corpus application in the state court. Alternatively,

---

[4] Because Sturgeon's claims have not been adjudicated on the merits, the alternative would be to proceed with *de novo* review, without the benefit of the AEDPA standard found in 28 U.S.C. § 2254(d). *See Henderson v. Cockrell*, 333 F.3d 592, 600-01 (5th Cir. 2003), *cert. denied*, 540 U.S. 1163 (2004); *see also Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying *de novo* standard of review to claims of ineffective assistance of counsel that were raised in state court, but not adjudicated on the merits), *cert. denied*, 528 U.S. 895 (1999). This would almost certainly require an evidentiary hearing in light of the claims made by Sturgeon and the lack of state court review to date.

      if the respondent opposes a stay, the respondent is **ORDERED** to show cause within ten days why this Court should not appoint counsel for the petitioner and set this case for an evidentiary hearing for purposes of *de novo* review.

3.     The petitioner's motions to suspend Rules 27(d)(2) and 27(d)(3) of the Federal Rules of Appellate Procedure (Docs. # 26, #27) are **DENIED** because these rules do not apply in the district courts.

4.     The petitioner's motion for an evidentiary hearing (Doc. # 28) is **DENIED** at this time subject to reconsideration by the Court, if necessary, at a later time.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on December 14th, 2007

*[signature]*

Nancy F. Atlas
United States District Judge